IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**RUSSELL T. NEAL,**

      **Plaintiff,**

vs.                                       Case No: 3:06cv17/MCR/EMT

**SGT. SLOCOMB, et al.,**

      **Defendants.**
_____/

## O R D E R

      This cause comes on for consideration upon the magistrate judge's report and recommendation dated September 11, 2006.  (Doc. 14).  Plaintiff has been furnished a copy of the report and recommendation and has been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  The court has made a _de novo_ determination of plaintiff's timely filed objections.  (Doc. 15).  As to defendant Sheriff Charlie Morris, for the reasons stated by the magistrate judge the court adopts the recommendation of dismissal of the second amended complaint, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.  As to the other named defendants, dismissal shall be without prejudice to the filing of a third amended complaint within thirty (30) days of this order, as explained below.

      The basic facts which underlie plaintiff's claims in the instant case are set forth in the report and recommendation and need not be repeated here. As the magistrate judge concludes, plaintiff's allegations that he experienced a delay of three months before being examined by an ophthalmologist in August 2003 for his preexisting glaucoma condition, that he was denied philocarpine eye drops for "several days" after the appointment, and

that he was denied reading glasses are insufficient to satisfy either the subjective or objective components of a medical claim under the Eighth Amendment. See Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000). Plaintiff's allegation that he was denied a follow-up visit to the ophthalmologist to recheck his intraocular pressure two weeks after the August 2003 appointment likewise fails to state a claim for relief.

Unmentioned by the magistrate judge in her report, however, is plaintiff's allegation that he was denied previously-prescribed philocarpine drops for a period of approximately one hundred days before the August 2003 appointment. Plaintiff apparently contends that this denial, at least in part, was responsible for his experiencing severe pain and some loss of vision. This allegation might be sufficient to state a claim for relief, except that plaintiff has failed to provide adequately specific information regarding the circumstances surrounding the alleged denial of his medication, such as the date(s) when such event(s) occurred and, most importantly, the identity of the particular individual or individuals who were involved.[1] Dismissal of plaintiff's medical claim is therefore appropriate.

Dismissal of plaintiff's claim of excessive force is also warranted. The magistrate judge notes, correctly, that the second amended complaint does not assert that defendant Officer Bolton pointed the laser device at plaintiff's face or eyes during the game of "laser tag" which plaintiff apparently contends resulted in an injury to his right eye. Indeed, although perhaps such facts may be inferred from the complaint, plaintiff does not specifically allege that actions taken by defendant Bolton resulted in plaintiff's suffering a burn to his retina and subsequent tissue scarring. Absent an adequately specific allegation of causation tying defendant Bolton's alleged conduct to plaintiff's alleged injury, the claim of excessive force fails.[2]

---

[1] A heightened pleading standard, which requires the plaintiff to identify specific facts indicating that each named defendant not only violated a constitutional right but a clearly established one, applies in "civil rights actions against public officials who may be entitled to qualified immunity." Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). In the instant case, although the allegations of the complaint are not instructive in this regard, the court assumes at this juncture that qualified immunity is available to defendants.

[2] In his objection to the report and recommendation plaintiff asserts that he was "shot in the face." (Doc. 15 at 3). It therefore appears that in an amended complaint plaintiff may be able to make the requisite allegation regarding causation.

Case No: 3:06cv17/MCR/EMT

The above-described defects with respect to the claims against defendants Officer Bolton, Dr. Hart, and the John/Jane Does support dismissal of the second amended complaint. The court cannot conclude, however, that it appears beyond doubt that plaintiff can prove no set of facts with respect to these claims that would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc). Accordingly, as to those claims only, dismissal shall be without prejudice to plaintiff's submission of an amended complaint within thirty (30) days of the date of this order. Plaintiff should comply with the instructions for amendment which the magistrate judge has previously given him. In addition, with regard to plaintiff's medical claim, the amended complaint must adequately allege the facts surrounding the asserted extended denial of philocarpine drops, including the date(s) of the incident(s) and the names of those persons who engaged in the alleged misconduct. With respect to the claim of excessive force, the amended complaint must adequately assert a causal link between the conduct of defendant Bolton (as well as any Jane/John Does) and plaintiff's injury.

If plaintiff elects to file an amended complaint within the time allotted, the complaint must name as defendants only those individuals answerable to the aforementioned claims. Plaintiff shall write this case number and "third amended complaint" on the complaint form, which shall be provided by the clerk. Upon plaintiff's filing an amended complaint, the clerk shall refer the matter to the magistrate judge, who should consider whether a claim for relief has been stated. If the magistrate judge concludes that no claim for relief has been stated or that any other basis for dismissal exists, she should so inform the court by report and recommendation. If she concludes otherwise, she should direct service upon the named defendants.

Accordingly, it is ORDERED:

1. To the following extent, the magistrate judge's report and recommendation is adopted and incorporated by reference in this order: as to defendant Sheriff Charlie Morris, plaintiff's complaint is DISMISSED with prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Judgment to that

effect will be withheld pending adjudication of the action as a whole. See Fed.R.Civ.P. 54.

2.  As to defendants Officer Bolton, Dr. Hart, and the John/Jane Does, plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Such dismissal is without prejudice to the filing of a third amended complaint as explained above within thirty (30) days of the date of this order.

3.  If a third amended complaint fully consistent with this order is not timely submitted the clerk shall enter judgment against plaintiff, with prejudice as to all defendants, and close this case.

4.  If a third amended complaint is timely submitted, the clerk shall refer this matter to the magistrate judge for further proceedings consistent with this order.

5.  The clerk shall forward a civil rights complaint form to plaintiff for his use in amending.

**DONE AND ORDERED** this 9th day of November, 2006.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**