IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RUSSELL T. NEAL,
    Plaintiff,

vs.                                                  Case No: 3:06cv17/MCR/EMT

SGT. SLOCOMB, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court on Plaintiff's fourth amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 22). Leave to proceed in forma pauperis has been granted (Doc. 6).

      Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S. Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that

Plaintiff can prove no set of facts that would entitle him to relief.  Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997).  Upon review of the complaint, this court concludes that dismissal of Plaintiff's claims against one or more of the named Defendants is warranted.

Named as Defendants are Officer Bolton, a correctional officer at the Okaloosa County Jail (Jail); Dr. Hart, a doctor at the Jail; and "Nurse Jane Doe AM" and "Nurse Jane Doe PM" (Doc. 22 at 1, 2).  Plaintiff claims that Officer Bolton used excessive force against him, and the other Defendants deprived him of necessary medical care in violation of the Constitution (*id*. at 34).  As relief, Plaintiff seeks compensatory and punitive damages, as well an injunction banning the use of laser targeting devices at the Jail (*id*.).

In support of his claim of denial of medical care, Plaintiff alleges he was incarcerated at the Jail from April 30, 2003 to January 28, 2004 (*id*. at 7).  During his initial intake at the Jail, Plaintiff listed his physical limitations; diagnosed medical conditions, including glaucoma; and prescribed medications, including eye drops (*id*. at 7–8).  He did not receive a medical screening until May, when he was seen by Dr. Hart (*id*. at 9).  Plaintiff informed Dr. Hart of his medical needs, including his need for surgery on his right eye and eye medication (*id*.).  Dr. Hart assured Plaintiff he would receive the eye medication and treatment for his glaucoma (*id*. at 9–10).  Plaintiff alleges that from May to August of 2003, he complained to the nurses who distributed medication in the housing pods, "Nurse Jane Doe AM" and "Nurse Jane Doe PM," that he was suffering eye pain and loss of vision, and although the nurses took notes at each shift, he was not provided eye medication or an appointment with an ophthalmologist outside the Jail (*id*. at 10–13).  Plaintiff states he also complained that he needed prescription eyeglasses and was forced to wear three pairs of magnifying glasses in an effort to see (*id*. at 12).  Plaintiff alleges that on August 26, 2003, he was examined by an ophthalmologist at the Hamilton Eye Institute and was prescribed eye drops and prescription lenses (*id*. at 13–14).  Upon his return to the Jail, he was forced to wait another three days before he received the prescription eye drops (*id*. at 14).  He did not receive his prescription lenses until one year later (*id*. at 12).  Plaintiff alleges Doctor Hart intentionally failed to prescribe eye drops and refused to promptly fulfill Plaintiff's request for medical treatment by an ophthalmologist (*id*. at 27–28).  He claims that "Nurse Doe AM" and "Nurse Doe PM" were deliberately indifferent to his

medical needs by failing to provide treatment after being informed of his medical needs (*id*.). Plaintiff states that as a result of the medical staff's indifference, he suffered physical pain, loss of vision, and mental anguish (*id*. at 28–29).

In support of Plaintiff's excessive force claim, he alleges that during his incarceration at the Jail, Officer Bolton directed a laser targeting device at him (*id*. at 15). Plaintiff states that while he was drying off in the shower, he observed Officer Bolton directing a laser targeting device at him (*id*. at 16). Plaintiff observed a laser beam move across his upper body to the shower wall and back onto his body (*id*.). Officer Bolton then targeted the laser beam at Plaintiff's right eye (*id*. at 17). The beam burned Plaintiff's retina and scar tissue formed on the retina (*id*.). When Plaintiff left the Jail on January 28, 2004, he could no longer see the eye chart (*id*.). He was examined by a doctor at the correctional institution to which he was transferred, and the doctor discovered the burn on Plaintiff's retina (*id*. at 18). Plaintiff states that he suffered significant vision loss as a result of the burn (*id*. at 20, 22, 31–32).

Despite having been previously advised of the legal standard for claims concerning inadequate medical treatment (*see* Doc. 11), Plaintiff has failed to state a constitutional claim against members of the nursing staff identified as Jane Doe AM and Jane Doe PM. Medical treatment violates the Eighth Amendment "only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). Incidents of mere negligence or malpractice do not rise to the level of constitutional violations. *Id.* (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). Similarly, a difference in medical opinion between the medical staff and an inmate as to the inmate's diagnosis or course of medical treatment does not support a claim of cruel and unusual punishment. *Id.*

Stating an Eighth Amendment claim for inadequate medical care requires satisfying both an objective and subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000). First, there must be conduct by prison officials which, objectively speaking, is "sufficiently serious" to constitute a deprivation "'denying the minimal civilized measure of life's necessities.'" *Id.* (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 2324, 115 L. Ed. 2d 271 (1991)). Second, the

prison officials must possess a subjective intent to use the medical deprivation as a means of punishment. *Id.*

Both the objective and subjective components encompass two subsidiary requirements. Taylor, 221 F.3d at 1258. As to the objective prong, an objectively serious deprivation requires showing an objectively "serious medical need." Estelle, 429 U.S. at 104. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994), *abrogated on other grounds by* Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002); *see also* Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994) (serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm"). In addition, an objectively serious deprivation requires showing the response made by Defendants to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06 (internal quotation marks omitted); *see* Taylor, 221 F.3d at 1257; *see also* Adams v. Poag, 61 F.3d 1537, 1543-44 (11th Cir. 1995).

To show the required subjective intent to punish, Plaintiff must demonstrate that Defendants acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105. "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245-46 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999); Taylor, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need"). Deliberate indifference must be more than a medical judgment call or an accidental or inadvertent failure to provide adequate medical care. Murrell v. Bennett, 615 F.2d 306, 310 n.4 (5th Cir. 1980).[1] A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994). However,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

Case No: 3:06cv17/MCR/EMT

where the inmate has received medical treatment, and the dispute is over the adequacy of that treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. <u>Thigpen</u>, 941 F.2d at 1507 (quoting <u>Waldrop v. Evans</u>, 871 F.2d 1030, 1035 (11th Cir. 1989)). To do otherwise would be "to constitutionalize claims that sound in tort law." <u>Hamm v. DeKalb County</u>, 774 F.2d 1567, 1575 (11th Cir. 1985) (internal quotation omitted).

In the instant case, as to the nursing staff, Plaintiff cannot satisfy the subjective component of the Eighth Amendment standard. Although Plaintiff's allegations show that from May to August of 2003, the nurses who dispensed medication knew that Plaintiff suffered from glaucoma and was in significant pain, the facts do not suggest that the nurses disregarded Plaintiff's medical needs, as Plaintiff acknowledges that the nurses noted his complaints in their records. Although the nurses did not provide medical treatment in response to Plaintiff's complaints, the facts do not suggest that they were authorized to do so without direction from a physician. Therefore, Plaintiff cannot show that the nurses disregarded the risk of harm, or that their conduct was deliberate, as opposed to inadvertent or negligent. Additionally, Plaintiff has failed to satisfy the subjective standard as to the delay of a few days in receiving the eye drops prescribed by the specialist after the examination in August, as the facts do not suggest that the nurses intentionally delayed in getting the prescription drops to Plaintiff. As to the failure to provide Plaintiff's prescription lenses, Plaintiff concedes that he was provided three pairs of reading glasses. Although wearing three pairs of glasses is obviously cumbersome, the facts fail to show that this response was so deficient as to constitute an infliction of pain, or that the nurses knew that the substitution of three pairs of reading glasses for prescription lenses created a serious risk of deterioration of Plaintiff's eyesight. Because Plaintiff has failed to satisfy both prongs of the Eighth Amendment standard with respect to his claims of denial of medical treatment by the nursing staff, these claims and Defendants should be dismissed from this action.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's claims against the nursing staff Defendants regarding the denial of adequate medical care be **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. That the clerk be directed to change the docket to reflect that Officer Bolton and Doctor Hart are the only Defendants in this action.

3. That this matter be referred to the undersigned for service of the fourth amended complaint on Officer Bolton and Doctor Hart.

At Pensacola, Florida, this 3rd day of April 2007.

            /s/ *Elizabeth M. Timothy*
            **ELIZABETH M. TIMOTHY**
            **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**