IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RUSSELL T. NEAL,
    Plaintiff,

vs.                                           Case No: 3:06cv17/MCR/EMT

OFFICER BOLTON and
DOCTOR HART,
    Defendants.
_____/

## **O R D E R**

This matter is before the court on Plaintiff's response to the order issued on July 19, 2007 (Doc. 30), directing Plaintiff to show cause why this action should not be dismissed for his failure to comply with the order issued on May 24, 2007 (Doc. 27), which gave Plaintiff twenty (20) days from his receipt of Notice of Lawsuit and Request for Waiver of Service of Summons forms (Form 1A) from the United States Marshal Service (USMS) to return the completed forms to the USMS in Tallahassee (*see* Doc. 27 ¶ 2). The court issued the order to show cause in response to a Notice filed by the USMS on July 10, 2007, which stated that on May 25, 2007, the forms were mailed to Plaintiff, but as of July 10, 2007, the USMS had not received the completed forms from Plaintiff, nor had the forms been returned from the correctional institution as undelivered (*see* Doc. 29).

In the instant Response, Plaintiff states that he never received the forms from the USMS, and he attaches documents from the institutional mail room which show that he did not receive legal mail from the USMS from May 15–31, 2007 (*see* Doc. 30, Ex. A). The court notes that the date the USMS sent the forms to Plaintiff, May 25, 2007, was a Friday, and the following Monday was a legal holiday; therefore, Plaintiff may well not have received the documents by May 31, the last date reflected in the records from the mail room. Regardless of where fault lies, Plaintiff states he is

prepared to comply with the court's order requiring him to complete the forms, and he apologizes for any unnecessary delay on the proceedings.

Accordingly, it is **ORDERED**:

1. The clerk shall re-issue summonses, indicating that Defendants have 60 days in which to file a responsive pleading (which in this case will be a motion for summary judgment or special report as detailed *infra*), and refer the summonses to the United States Marshal s Service (USMS) with a copy of this order for each Defendant. Pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, all costs of service shall be advanced by the United States.

2. The USMS shall transmit one USM-285 form, one Form 1A for each Defendant,[1] and instructions to Plaintiff. The instructions shall require Plaintiff to complete and return the forms to the USMS in Tallahassee within **twenty (20) days** from the date of receipt thereof. Failure by Plaintiff to return the completed forms within this time period may result in dismissal of this case.

3. Pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, the USMS shall then send a copy of the fourth amended complaint, a copy of this order, a completed Form 1A and a copy thereof, a Form 1B, and a prepaid means of compliance to each Defendant through first class mail. The USMS shall mail the forms to Defendants as soon as possible so that service or waiver of service can be completed within 120 days from the date of entry of this order on the docket.

4. If after thirty (30) days from the mailing of the waiver of service forms and the complaint a Defendant has not returned the waiver of service form (Form 1B), the USMS shall personally serve that Defendant pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. Upon completion of service, the USMS shall file with the clerk the return and a written statement of all costs incurred of making such personal service.

5. The clerk shall refer this file to the undersigned if the waiver form is returned for insufficient address or for similar reason, if service on a Defendant is returned unexecuted, or if the USMS has filed a statement of costs incurred for making personal service.

6. Upon receipt of the complaint, Defendants shall review the subject matter of the complaint in order to:

---

[1] *See* Fed. R. Civ. P. Appendix of Forms.

Case No: 3:06cv17/MCR/EMT

      a.    Ascertain the facts and circumstances surrounding the complaint;

      b.    Consider whether any action should be taken directly by prison officials to resolve the issues raised in the complaint; and

      c.    Determine whether other, similar complaints, whether pending in this court or elsewhere, should be considered together.

7.    Within **sixty (60) days** of receipt of the summons, each Defendant shall respond to the complaint either by filing a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies or by filing a special report with the court, and a copy thereof to Plaintiff, containing the following:

      a.    Sworn statements of all persons having knowledge and relevant information regarding the subject matter of the complaint. (Authorization is hereby granted to interview all witnesses to the events of the complaint, including Plaintiff.)

      b.    Copies of any written reports prepared as a result of investigation of the inmate's allegations.

      c.    All defenses, including immunity defenses. If not listed, such defenses may be considered waived.

      d.    Where relevant, copies of medical or psychological or disciplinary records.

      e.    Where applicable, copies of relevant administrative rules, regulations or guidelines.

Defendants are advised that, at some time in the future upon notice of the court, the special report may be deemed a motion for summary judgment. Therefore, in addition to the above-mentioned items, the special report shall be in compliance with Local Rule 56.1, and shall include all materials that Defendants wishes the court to consider under Rule 56 of the Federal Rules of Civil Procedure.[2]

8.    No answer, motion to dismiss, motion for summary judgment, or request for discovery shall be served or filed by any party without permission of the court, except as set forth above.

---

[2] The special report must contain a short and concise statement of the material facts and shall not merely re-assert Plaintiff's allegations.

Case No: 3:06cv17/MCR/EMT

9. Plaintiff shall not file a reply to a special report or motion for summary judgment until ordered to do so by the court.

10. Once a special report is filed, no amendments to the complaint shall be permitted by the court unless, as required by Rule 15 of the Federal Rules, Plaintiff files a separate motion for leave to so amend and provides a copy of the proposed amended complaint.

11. After the special report or other response to the complaint has been filed by a Defendant, Plaintiff shall be required to mail to the attorney for that Defendant a copy of every pleading or other paper, including letters, submitted for consideration by the court.  Plaintiff shall include with the original paper to be filed with the clerk of court a certificate of service stating the date a correct copy of the paper was mailed to Defendant or to the attorney representing Defendant. **Any paper submitted for filing after a response to the complaint has been filed by a Defendant which does not contain a certificate of service shall be returned by the clerk and disregarded by the court**.

12. In accordance with 28 U.S.C. § 636(c)(2), the clerk shall forward to Plaintiff a form for consenting to trial by the magistrate judge, with the case number written on it.  If Plaintiff wishes to consent he should sign the form and forward it to counsel for a Defendant, who, if that Defendant consents, shall sign and forward it to counsel for another Defendant, who shall return it to the clerk only if that Defendant also consents.

13. **In any event, the clerk shall refer this file to the undersigned forty-five (45) days from the date of this order**.

**DONE AND ORDERED** this 6th day of August 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**