**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

RUSSELL T. NEAL,

    Plaintiff,

vs.                                          CASE NO.: 3:06cv17/MCR/EMT

OFFICER BOLTON and
DOCTOR HART,

    Defendants.
_____/

**O R D E R**

    Plaintiff, an inmate at the Calhoun Correctional Institution, Blountstown, Florida, filed a fourth amended complaint against various named individuals at the Okaloosa County Jail (OCJ), in Crestview, Florida, alleging certain medical staff deprived him of necessary medical care, and a corrections officer used excessive force against him, all in violation of the Eighth Amendment. Plaintiff's claims against two named individuals were dismissed and the civil action was allowed to proceed against Officer Bolton and Doctor Hart. Defendant Bolton's motion for summary judgment was denied. Defendant Hart's motion for summary judgment was granted in part and denied in part. The case now proceeds on plaintiff's surviving claims against these defendants.

    Plaintiff claims that Officer Bolton endangered his health and safety and essentially assaulted him by targeting a laser beam at this right eye, in violation of the Eighth Amendment. Plaintiff claims that in August of 2003, Officer Bolton directed a laser at his right eye, which caused permanent damage to his retina and loss of vision in his right eye. He alleges that upon transfer to the Florida Department of Corrections, an optometrist observed a "Cheerio shaped" burn on plaintiff's retina; a retina specialist described

plaintiff's retina as "shot out"; and an opthalmologist also observed damage to plaintiff's retina.  Defendant Bolton contends plaintiff has failed to prove that he was involved in the alleged laser incident or that plaintiff's eye condition was caused by anything but naturally occurring conditions.

As to Defendant Hart, plaintiff claims that Dr. Hart failed to provide adequate medical care for his diagnosed glaucoma condition by delaying an appointment with a specialist so that plaintiff's eye pressure could be monitored and treated, failing to provide prescription glasses and eye drops, in violation of the Eighth Amendment.  Defendant Hart contends there is insufficient evidence to prove that he was deliberately indifferent to plaintiff's medical needs.

The undisputed facts reveal plaintiff underwent a physical examination at OCJ on May 7, 2003.  At that time, plaintiff's history of glaucoma and laser surgery in his left eye were noted, as was the fact that he still had glaucoma and a current prescription for eye drops.  The records reflect plaintiff used reading glasses.  On May 8, 2003, plaintiff signed a form declining medical treatment for his glaucoma because he did not believe that the jail had the ability to monitor or treat the disease.  Plaintiff was examined by Dr. Hart on June 19, 2003, and at that time informed Dr. Hart that he had a history of glaucoma, that he had surgery on his left eye, that he was out of his prescribed medication,[1] and that his eyes were becoming painful.  Dr. Hart ordered that plaintiff's prescription for Cosopt drops be restarted "ASAP,' but that staff should confirm the type and dosage with plaintiff's eye specialist or pharmacy.  On June 20, 2003, plaintiff was given the Cosopt drops to administer in the left eye.  Plaintiff's medical records from the eye specialist were requested on August 1, 2003, and received the same day.  Those records confirmed that plaintiff was prescribed Cosopt drops for his left eye on August 16, 2002; plaintiff had laser surgery on his left eye on August 28, 2002; and use of Pilocarpine drops in the left eye was discontinued on September 5, 2002.  The records also indicate plaintiff would make contact when he wished to schedule laser surgery for his right eye.  On August 7, 2003,

---

[1] Plaintiff indicated he was prescribed two types of eye drops. He could not recall the names of both medications, but suggested one was "Cosoft," which Dr. Hart correctly interpreted as "Cosopt."

Case No.: 3:06cv17/MCR/EMT

Dr. Hart ordered staff to schedule an appointment for plaintiff with a specialist, noting "Pilocarpine Opth. Gets from home."[2] An appointment with an opthalmologist was scheduled for August 21, 2003. Following that examination, the opthalmologist determined that plaintiff suffered from "anatomically narrow angles" in both eyes and a risk of angle closure glaucoma in the right eye. The specialist recommended that plaintiff receive a prescription for bifocals,[3] continue Pilocarpine drops in the right eye, and receive laser surgery in the right eye. The OCJ medical staff confirmed with the specialist that the recommended surgery was not required as long as plaintiff used the Pilocarpine drops. The Pilocarpine drops were prescribed to plaintiff on August 29, 2003, and were in plaintiff's possession from October 3, 2003, through December 2003. Plaintiff was transferred from the jail in January 2004.

As relief, plaintiff seeks compensatory damages for pain and suffering, permanent disfigurement and physical disabilities, as well as future loss and medical expenses. He also seeks an order enjoining the use of lasers at the jail.

Plaintiff is proceeding pro se and has moved for appointment of counsel. The court will not appoint an attorney (that is, require an attorney to accept the case). The court will, however, notify members of the court's bar that plaintiff is desirous of legal representation. This will be done through the court's electronic filing system.

---

[2] This appears to follow two grievances filed by plaintiff. In a grievance dated August 3, 2003, directed to the medical department marked "urgent," plaintiff stated he had made numerous complaints regarding his glaucoma, that his vision was deteriorating, that he had been provided the wrong eye drops, that he had to wear two pairs of glasses to write, and he needed surgery. Plaintiff filed another grievance dated August 7, 2003, stating he had been there for 100 days, had not been seen by a specialist, had severe pain in his right eye, and was blind in that eye. Plaintiff filed additional grievances on August 11, 2003, and August 14, 2003, advising he was in severe pain and going blind, and requesting status regarding scheduling eye surgery.

[3] Plaintiff filed a grievance on August 28, 2003, inquiring as to whether he had been given a prescription for glasses that could be filled or whether he needed to see an optometrist. Another grievance was filed by plaintiff on October 26, 2003, indicating he desperately needed his glasses to read and write, and his eyesight was being destroyed. A grievance filed by plaintiff on November 15, 2003, indicated he was using three pair of magnifying glasses to be able to see, he needed "real" glasses, he had degenerative eye disease, and he was in pain.

Case No.: 3:06cv17/MCR/EMT

As noted above, the pro se plaintiff has already survived summary judgment without the benefit of legal representation. It appears that justice would be better served if plaintiff had counsel to represent him at trial.

Accordingly, it is ORDERED:

The clerk shall send a notice to all members of the court's bar who are signed up for electronic noticing providing in substance:

This is a notice of an opportunity to provide pro bono representation in a case ready to be set for jury trial in Pensacola. The case is <u>Neil v. Bolton and Hart</u>, Case No.: 3:06cv17/MCR/EMT.

Plaintiff, an inmate at the Calhoun Correctional Institution, Blountstown, Florida, filed a fourth amended complaint against various named individuals at the Okaloosa County Jail (OCJ), in Crestview, Florida, alleging certain medical staff deprived him of necessary medical care, and a corrections officer used excessive force against him, all in violation of the Eighth Amendment. Plaintiff's claims against two named individuals were dismissed and the civil action was allowed to proceed against Officer Bolton and Doctor Hart. Defendant Bolton's motion for summary judgment was denied. Defendant Hart's motion for summary judgment was granted in part and denied in part. The case now proceeds on plaintiff's surviving claims against these defendants. Plaintiff claims that Officer Bolton endangered his health and safety and essentially assaulted him by targeting a laser beam at this right eye, in violation of the Eighth Amendment. Plaintiff claims that Dr. Hart failed to provide adequate medical care for his diagnosed glaucoma condition by delaying an appointment with a specialist so that plaintiff's eye pressure could be monitored and treated, failing to provide prescription glasses and eye drops, in violation of the Eighth Amendment. He seeks compensatory damages for pain and suffering, permanent disfigurement and physical disabilities, as well as future loss and medical expenses. He also seeks an order enjoining the use of lasers at the jail. This case has not yet been set for trial.[4]

Public funds are not available for payment of attorney's fees. Fees may be recoverable under applicable law if plaintiff ultimately prevails. *See* 42 U.S.C. § 1988. Limited funds sometimes are available from the district's Bench and Bar Fund for payment of out-of-pocket expenses incurred by attorneys providing representation of this type.

Members of the district's bar will be afforded access to the electronic docket without charge for the purpose of considering whether to undertake the representation. Any

---

[4] The court will take into consideration the schedule of counsel in setting the trial date.

Case No.: 3:06cv17/MCR/EMT

attorney who wishes to provide representation may contact plaintiff directly and may enter the case by filing a notice of appearance.  If counsel appears, the court will hold a scheduling conference by telephone and will consider what discovery, if any, is indicated.

Any attorney who wishes to appear should file a notice of appearance by March 15, 2009.

DONE and ORDERED this 4th day of February, 2009.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**